IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES JAMES CHATMAN,

Petitioner, No. 2:08-cv-2054 KJM EFB P

vs.

MIKE MCDONALD,[1]

Respondent. FINDINGS AND RECOMMENDATIONS

_______________________________/

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2005 disciplinary action resulting in the loss of 90 days of good time credit. Pet., Dckt. No. 1 at 20-21.[2] Respondent moves to dismiss the petition on the ground that petitioner's claims are procedurally defaulted because he failed to exhaust his administrative remedies. Dckt. No. 20.

[1] Tom Felker was previously named as respondent. Mike McDonald is the warden of High Desert State Prison, where petitioner is confined. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Accordingly, the court now substitutes in Mike McDonald as the respondent.

[2] Page references herein refer to page numbers assigned by the court's electronic docketing system and not those assigned by the parties.

## I. Background

A Rules Violation Report submitted with the petition reveals that on November 4, 2005, petitioner was involved in a dispute with correctional officers that resulted in petitioner being charged with obstruction of a peace officer in the performance of duty. Dckt. No. 1 at 45. On December 16, 2005, petitioner was found guilty of the charged violation and assessed, among other things, a loss of 90 days of good time credits. Dckt. No. 1 at 20-21. Petitioner claims that his constitutional rights under the First and Fourteenth Amendments were violated by the hearing officer, who: 1) assaulted him prior to determining guilt; 2) relied on a dismissed misbehavior report in finding him guilty; 3) denied his right to present witnesses; 4) made changes to the rules violation report without prior notice; 5) retaliated against him for commencing civil litigation against other correctional officers; 6) failed to provided notice of the disposition of the hearing within the statutory time period; and 7) allowed and initiated false charges against him. *Id*. at 18-19. Petitioner further claims that the state courts violated his constitutional rights by falsely concluding that petitioner failed to exhaust his administrative remedies. *Id*. at 19.

Petitioner filed three state habeas petition seeking to challenge the December 16, 2005 disciplinary decision. On February 6, 2007, petitioner filed a habeas petition in the Sacramento County Superior. Resp.'s Mot. to Dismiss ("Resp.'s MTD"), Ex. 1. Citing to *In re Dexter*, 25 Cal. 3d 921 (1979), the Superior Court denied the petition for failure to exhaust administrative remedies. Resp.'s MTD, Ex. 2. On April 23, 2007, petitioner filed a habeas petition in the California Court of Appeal, Third Appellate District. *Id*., Ex. 3. The California Court of Appeal denied that petition on the ground that it was untimely filed. *Id*., Ex. 4. Petitioner last state habeas petition was filed in the California Supreme Court on May 29, 2007. *Id*., Ex. 5. The California Supreme Court summarily denied that petition with citation to *In re Dexter*. *Id*., Ex. 6.

////

## II. Discussion

Respondent argues that the petition should be dismissed because petitioner's claims are procedurally defaulted. Resp.'s MTD at 1. As a general rule, "[a] federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. ___, ___, 131 S. Ct. 1120, 1127 (2011) (quoting *Beard v. Kindler*, 558 U.S. ___, ___, 130 S. Ct. 612, 615 (2009). *See also Maples v. Thomas*, ___ U.S. ___, ___, 132 S. Ct. 912, 922 (2012); *Greenway v. Schriro*, 653 F.3d 790, 797 (9th Cir. 2011); *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). In order for a state procedural rule to be found independent, the state law basis for the decision must not be interwoven with federal law. *Cooper v. Neven*, 641 F.3d 322, 332 (9th Cir. 2011); *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003); *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). To be deemed adequate, the rule must be well established and consistently applied. *Walker*, 131 S.Ct. at 1128; *James v. Schriro*, 659 F.3d 855, 878 (9th Cir. 2011); *Greenway*, 653 F.3d at 797–98; *Poland v. Stewart*, 169 F.3d 575, 577 (9th Cir. 1999). Even if the state rule is independent and adequate, the claims may be reviewed by the federal court if the petitioner can show: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451, (2000); *Coleman*, 501 U.S. at 749–50; *see also Maples*, 132 S.Ct. at 922.

In its denial of petitioner's habeas petition, the California Supreme Court cited to *In re Dexter*, which stands for the proposition that an inmate must exhaust administrative remedies prior to seeking juridical review. 25 Cal. 3d at 925. California's rule requiring inmates to exhaust administrative remedies is independent of federal law. *See* Cal. Code Regs. tit. 15, § 3084.1(a) ("Any inmate . . . may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material

adverse effect upon his or her health, safety, or welfare."). Furthermore, California's exhaustion requirement is adequate as it is firmly established and regularly applied. *Albelleria v. District Court of Appeal,* 17 Cal. 2d 280, 292 (1941) ("[T]he rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."); *In re Muszalski*, 52 Cal. App. 3d 500, 503 (1975) ("It is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies."). The California Supreme Court denied petitioner's habeas petition for failure to exhaust administrative remedies. Because this is an adequate and independent state law ground for denying him relief, this court may not reach the merits of petitioner's claims absent some exception to the general rule.

Petitioner does not provide any facts showing cause or prejudice, nor does he allege that failure to hear his claims will result in a miscarriage of justice. Rather, petitioner argues that this court may reach the merits of his claims because the California courts erred in concluding that he failed to exhaust his administrative remedies. Dckt. No. 21 at 2-4. Specifically, petitioner contends that the California Superior Court erred in concluding that a "staff complaint," as oppose to an inmate appeal, filed by petitioner was insufficient to exhaust his administrative remedies. *Id*.

The general rule is that a federal court is not permitted to review a state court's application of its state procedural rules. *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("Federal habeas courts lack jurisdiction, however, to review state court applications of state procedural rules."). An exception to this rule has been recognized where "the state court's interpretation is 'clearly untenable and amounts to a subterfuge to avoid federal review of a deprivation by the state of rights guaranteed by the Constitution.'" *Lopez v. Schriro*, 491 F.3d 1029, 1043 (9th Cir. 2007) (quoting *Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982)).

In its denial order, the California Superior Court found that petitioner filed a staff complaint against the correctional personnel involved in the hearing proceedings, but "did *not*

file an inmate/parolee appeal of the hearing proceedings themselves." Resp.'s MTD, Ex. 2 (emphasis in original). The court ultimately concluded that the staff complaint was not sufficient to exhaust petitioner's administrative remedies. *Id*. The record supports the Superior Court's findings. Petitioner filed a complaint in which he requested various officers involved in the December 16, 2005 hearing be suspended, fined, and criminally prosecuted. Resp.'s MTD, Ex. 1 at 32. Petitioner did not, however, challenge the hearing decision itself. *Id*.

California Code of Regulations, Title 15, section 3084.2 requires an inmate to only challenge one issue or related set of issues per submitted appeal form and to describe the specific issue and action requested. § 3084.2(a)(1), (2). The regulations also provide that "any decision rendered will pertain only to the present appeal issue and requested action(s)." Cal. Code Regs. tit. 15, § 3084.2(b)(1). Given that petitioner's staff complaint did not specifically challenge the hearing decision, but only requested that the hearing officers be reprimanded and criminally prosecuted, it was tenable for the state court to find that petitioner failed to exhaust his administrative remedies. Thus, this court may not disturb the state court's application of its own procedural rule.

The California Supreme Court denied petitioner's state petition for failure to exhaust administrative remedies. Because this is an independent and adequate state procedural ground for denying his petition, this court is barred from reaching the merits of petitioner's claims.

**III. Conclusion**

For the reasons explained above, petitioner's claims are procedurally defaulted.[3]

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, Dckt. No. 20, be granted;

---

[3] Petitioner's eighth claim–that the state court violated his constitutional rights by finding that he failed to exhaust his administrative remedies–does not require exhaustion of administrative remedies as the claim is asserted against the California Superior Court. Nevertheless, the claims must be dismissed because resolution of the claim would require this court to decide whether the state court properly applied its own procedural rules, which this court lacks jurisdiction to do. *Poland*, 169 F.3d at 584.

2. The petition for writ of habeas corpus be dismissed;

3. The Clerk be directed to close the case; and

4. The court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: December 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE